UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID KELSO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0961-B |
| | § | |
| HENRY M. PAULSON, JR., Secretary of the Treasury, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Dismiss Complaint (doc. 14). Pro se plaintiff David Kelso ("Kelso") has not filed a response to the Motion. For the reasons stated below the Court **DENIES** Defendant's Motion to Dismiss as to the disability discrimination and retaliation claims, but **GRANTS** Defendant's Motion to Dismiss as to the racial discrimination claim. Furthermore, the Court **GRANTS** Kelso leave to amend his Complaint.

## I.

## BACKGROUND

Kelso filed this suit pro se pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. for relief against "discrimination based on race, disability in employment and retaliation." He also seeks a declaratory judgment as to his rights under the Act and a permanent injunction to prevent further discriminatory practices. Kelso alleges all conditions precedent to jurisdiction under the Act have been complied with because he is filing the Complaint "87 calendar days from receiving the final decision from the U.S. Equal Employment Opportunity Commission."

- 1 -

Kelso is employed by the U.S. Treasury Department at the Internal Revenue Service. According to Kelso, the circumstances surrounding the filing of the complaint occurred on or about January 10, 2002 while he was recuperating from a work related injury requiring surgery. While Kelso's allegations are short on facts, they appear to describe allegedly discriminatory actions taken against him by supervisors, such as lowering his annual performance appraisal, issuing "AWOL," altering time sheets, and fabricating documents leading to Kelso's suspension. Kelso further alleges that since he filed his EEOC complaint, his work has been "subjected to closer scrutiny and or reprisal..."

After a screening process through the Magistrate Judge, the Clerk of the Court issued summons and Kelso was ordered to effect service and file a valid return of service within 120 days of the July 29, 2008 Order. Kelso filed the executed returns of service on December 22, 2008, indicating service was made on the proper individuals and entities on various dates ranging from November 21 to November 28, 2008.

## II.

## MOTION TO DISMISS

Defendant now moves for dismissal of Kelso's claims pursuant to Federal Rule of Civil Procedure 12(b)(2), (5) and (6), arguing that the Court lacks personal jurisdiction over Defendant due to insufficient service of process and Kelso has failed to state a claim upon which relief can be granted because he has not exhausted administrative remedies on all of his claims and has not pleaded a prima facie case.

**A. Exhaustion of Administrative Remedies**

Kelso alleges in his Complaint that he filed an EEOC complaint and received a right-to-sue

letter. (Compl. ¶ 2.) Defendant acknowledges that Kelso has exhausted his administrative remedies as to the disability discrimination claim and the retaliation claim he initially raised to the EEOC. However, Defendant argues Kelso has not shown exhaustion of administrative remedies with regard to the racial discrimination claim and the retaliation claim arising after his initial EEOC complaint. Therefore, Defendant argues, he is unable to state a claim upon which relief can be granted and the racial discrimination and newly raised retaliation claims must be dismissed.

The Court notes that the question of exhaustion of administrative remedies implicates subject matter jurisdiction and should be addressed under 12(b)(1) as a challenge to subject matter jurisdiction, rather than under 12(b)(6). *See Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) (holding exhaustion of remedies is a jurisdictional requirement.); *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981); *Loftis v. Potter*, Cause No. 3:05-cv-1553-L, 2006 WL 1453936, at *2–*4 (N.D. Tex. May 25, 2006) (holding failure to exhaust administrative remedies deprives court of subject matter jurisdiction). *But see Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (noting a disagreement in the circuit on whether exhaustion of administrative remedies implicates subject matter jurisdiction or is "merely a prerequisite to suit.").

It is a requirement of Title VII that employees exhaust their administrative remedies before seeking judicial relief for employment discrimination. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008); *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007); *Swain v. Huffman*, 547 F.2d 921, 923 (5th Cir. 1977). Therefore, "[i]f a federal employee fails to exhaust his administrative remedies, the district court cannot adjudicate the employee's Title VII claim." *Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997) (citing *Porter*, 639 F.2d at 276 (noting that exhaustion is "an absolute prerequisite" to suit under § 2000e-16)).

The scope of a plaintiff's right to sue is not limited to the specific language of the administrative charge, but the plaintiff is limited to claims that are "like or reasonably related to" the claims listed in the charge. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995). When a claim "grows out of an administrative charge that is properly before the court[,]" the district court has ancillary jurisdiction to hear the claim. *Gupta v. East Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981). Therefore, "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge." *Id.*

The scope of an EEOC complaint should be construed liberally because most EEOC complaints are initiated pro se. *Pacheco*, 448 F.3d at 788. The court "interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Id.* at 789; *see also McClain*, 519 F.3d at 273; *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000). In looking at the scope of the administrative charge, the court looks "slightly beyond its four corners, to its substance rather than its label." *Pacheco*, 448 F.3d at 789.

The Court's review of Kelso's claims reveals that he has exhausted his administrative remedies as to the retaliation claim, but not as to the racial discrimination claim. Kelso bases his exhaustion of administrative remedies on the right-to-sue letter issued after investigation of his EEOC complaint had been completed. (Compl. ¶ 2.) Based on the EEOC decision attached to Defendant's Motion to Dismiss, the EEOC's investigation into Kelso's initial EEOC complaint raised only disability discrimination and retaliation claims, but did not encompass any racial discrimination

charges.[1]  *See Kelso v. Paulson*, 2008 WL 275916 (E.E.O.C. Jan. 10, 2008).

With respect to the newly raised retaliation claim, Kelso states that as of the filing of his Complaint in this Court, he had filed a charge with the EEOC on the newly raised retaliation claim, but that to his knowledge no investigation had been initiated or completed. (Compl. ¶ 8.)  However, the question of exhaustion of administrative remedies as to the newly raised retaliation claim does not depend on whether an investigation into this "new" claim had been completed by the EEOC, but on whether it is within the scope of the right-to-sue letter already issued by the EEOC.  *See Dollis*, 77 F.3d at 781.

In his prior EEOC claim, Kelso asserted that his employer retaliated against him for previous EEO activity and in relation to his requests for disability accommodation.  *See Kelso*, 2008 WL 275916, at *2.  In his Complaint before this Court, Kelso asserts a new retaliation claim that since filing his EEOC complaint for disability discrimination and retaliation, his "work has been subjected to closer scrutiny and or reprisal than it did prior to the filing of his complaint." (Compl. ¶ 8.) Based on these facts, the new retaliation claim is "like or reasonably related to" the disability discrimination and retaliation claim Kelso previously brought before the EEOC, and is covered in the scope of the right-to-sue letter. *See Dollis*, 77 F.3d at 781.  It is logical that a claim for retaliation may occur after an employee files a charge of discrimination and grow out of the charges already before the EEOC.

---

[1] In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981).  Here, Defendant attached the official EEOC decision on Kelso's appeal from the EEOC's final decision on the charge.  This decision is public record, is undisputed, and is encompassed within Kelso's discussion and reliance upon the EEOC decision in his Complaint before the Court.  Therefore, the Court may consider the information contained in the EEOC opinion in evaluating the motion to dismiss under Rule 12(b)(1).

Accordingly, the Court finds that the newly raised retaliation claim "grows out of" the previous disability and retaliation charges; and Kelso is not required to exhaust his administrative remedies on the newly raised retaliation claim before filing suit. *See McClain*, 519 F.3d at 273; *Gupta*, 654 F.2d at 414. Therefore, the Court has subject-matter jurisdiction over the claim. The Court **DENIES** the Defendant's motion to dismiss on Kelso's "newly raised" retaliation claim.

However, with respect to Kelso's racial discrimination claim under Title VII, the Court finds Kelso has not exhausted his administrative remedies. Initially it must be noted that, based on the EEOC decision on Kelso's initial EEOC complaint, he has raised no racial discrimination claim before the agency. *See Kelso*, 2008 WL 275916, at *1–*4. Therefore, the Court must determine whether Kelso's racial discrimination claim is "like or reasonably related to" the allegations of disability discrimination and retaliation included in his original EEOC complaint, such that the racial discrimination claim would be included within the scope of the right-to-sue letter. *See Dollis*, 77 F.3d at 781. The Court sees nothing to indicate that the racial discrimination claim Kelso raises here is "like to or reasonably related to" the disability discrimination or retaliation charges he brought before the EEOC. *See id.* Charges of race discrimination are not necessarily "like" or "related to" other charges of discrimination. *See Thomas*, 220 F.3d at 395 (holding race discrimination claims were not encompassed by plaintiff's EEOC charge based on gender discrimination); *Robinson v. Rubin*, 77 F. Supp. 2d 784, 792 (S.D. Tex. 1999) (dismissing race and sex discrimination claims when plaintiff's EEOC charge only mentioned retaliation).

In his Complaint before this Court, Kelso simply alleges that the actions taken against him by his employer were "because of his race and disability." (Compl. ¶ 6.) However, Kelso's EEOC claim involved alleged discrimination based only on his claimed disability resulting from a work-

related back injury and his related requests for accommodations. *See Kelso*, 2008 WL 275916, at *1–*2.  Here, Kelso alleges racial discrimination with no further factual support other than identifying his race and the races of the other employees whose actions he describes. (Compl. ¶ 8.) The Court finds that, upon review of the facts alleged in the Complaint and the EEOC's opinion, Kelso's racial discrimination claim is not "like" or related to" the disability discrimination or retaliation claims which he had brought before the EEOC. *See Thomas*, 220 F.3d at 395; *Robinson*, 77 F. Supp.2d at 792.

Accordingly, Kelso's racial discrimination claim is not covered in the scope of the completed EEOC investigation for which Kelso received a right-to-sue letter. *See Dollis*, 77 F.3d at 781. The Court finds that Kelso has not demonstrated exhaustion of administrative remedies as to the racial discrimination claim and, therefore, has not demonstrated that the Court has subject matter jurisdiction over that claim.  The Court **GRANTS** Defendant's motion to dismiss on Kelso's claim for racial discrimination under Title VII.

### B. Insufficient Service of Process

Defendant argues that Kelso has failed to properly serve the complaint, requiring dismissal under Rule 12(b)(2) and (5) for lack of personal jurisdiction over Defendant based on insufficient service of process. While Defendant cites Rule 12(b)(2) as a basis for dismissal for lack of personal jurisdiction, its argument rests solely on insufficient service of process.  There is no issue here of the Court's personal jurisdiction over a nonresident defendant, which would fall under a 12(b)(2) challenge. *See* FED. R. CIV. P. 12(b)(2); *Omni Capital Int'l v. Rudolf Wolff & Co.*, 108 S.Ct. 404, 408–09 (1987).  Thus, while Defendant cites 12(b)(2) as a basis of its challenge, the basis of this personal jurisdiction argument depends solely on the outcome of the 12(b)(5) challenge for

insufficient service of process. *See* FED. R. CIV. P. 12(b)(5). Thus, the Court will analyze this argument for dismissal under 12(b)(5).

Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. FED. R. CIV. P. 4(m); *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). When service is not made within 120 days, the Court has the discretion to allow additional time for service. FED. R. CIV. P. 4(m); *Millan*, 546 F.3d at 325. "Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service, if warranted." *Millan*, 546 F.2d at 325.

In this case, summons was not issued until after the Magistrate Judge had completed the screening process, pursuant to the Northern District of Texas's Special Order 3-251, and ordered that summons be issued. On July 29, 2008, the Magistrate Judge ordered Kelso to serve Defendant in accordance with Rule 4(i) and file a valid return of service within 120 days of the Order.[2] Service on Defendant, and the other appropriate entities or individuals, was completed and the returns of service filed within 150 days of the Magistrate Judge's order allowing the summons to be issued. The Court notes that Kelso filed the returns of service after the 120 days had expired, but service of the complaint was made within 120 days of the Order allowing service on the Defendant.

In the interest of justice and judicial efficiency, the Court **GRANTS** Kelso a discretionary **30-day extension** of the deadline to file the return of service. *See* FED. R. CIV. P. 4(m); *Millan*, 546

---

[2] Plaintiff sued the Secretary of the Treasury. In this case, in accordance with Rule 4(i), proper service requires a copy of the summons and complaint be delivered to the United States attorney for the Northern District of Texas, or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk, or send a copy of each by registered or certified mail to the civil-process clerk at the United States's attorney's office; and send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; in addition to sending a copy of the summons and complaint to the Defendant himself. *See* FED. R. CIV. P. 4(i)(1), (2).

F.3d at 325. The Court sees no prejudice to Defendant in allowing the claims to proceed as the Defendants were served with process within 120 days of the issuance of summons. Furthermore, in its discretion, the Court finds that service of process has been properly effectuated in this case. *See* FED. R. CIV. P. 4(m); *Millan*, 546 F.3d at 325. Accordingly, Defendant's motion to dismiss on the basis of Rule 12(b)(2) and 12(b)(5) is **DENIED**.

### C. Failure to Plead a Prima Facie Case

As to the claims for discrimination based on disability and the claims for retaliation, Defendant argues Kelso has failed to make a prima facie case for relief and, therefore, has failed to state a claim. Rule 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). The Court liberally construes the claims in the claimant's favor, and all pleaded facts are taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). However, the Court "will not strain to find inferences favorable" to the claimant. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted)).

Once a claimant adequately states a claim, he or she may support this claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). The claimant's "obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 1964–65 (internal quotations marks and brackets omitted). The complaint must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds

upon which it rests." *Swierkiewicz v. Soreman N.A.*, 534 U.S. 506, 512 (2002). A complaint should only be dismissed if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 46 (1957). Of course, "[a] document filed pro se is 'to be liberally construed,' ... and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)).

To establish a prima facie case for disability discrimination, the plaintiff must show that (1) he is disabled within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12102(2); (2) he is qualified to perform the essential functions of his job either with or without reasonable accomodations; and (3) he has suffered from an adverse employment action for which his disability was a motivating factor. *Pinkerton v. Spellings*, 529 F.3d 513, 519 (5th Cir. 2008); *Washburn v. Harvey*, 504 F.3d 505, 508–09 (5th Cir. 2007). Under the ADA, an individual has a disability if he (a)(1) has a physical or mental impairment that substantially limits a major life activity; or (2) has a record of such an impairment; or (3) is regarded or perceived as having such an impairment; and (b) is qualified to perform the essential functions of the job either with or without reasonable accomodation. 42 U.S.C. § 12111(8).

To establish a prima facie case of retaliation, Kelso must show that (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007); *Thomas*, 220 F.3d at 394. The ultimate question is whether the defendant discriminated against plaintiff because he engaged in

conduct protected by Title VII. *Thomas*, 220 F.3d at 394.

The Court agrees that Kelso has not pleaded facts to address each of the elements of a prima facie case of disability discrimination or retaliation. However, the United States Supreme Court has made it clear that a plaintiff in an employment discrimination case need not plead a prima facie case to survive a motion to dismiss. *See Swierkiewicz*, 534 U.S. at 508. Rather, a plaintiff need only follow Rule 8's command that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, the plaintiff must put the defendant on notice of the charges against it and the grounds behind them. *Swierkiewicz*, 534 U.S. at 512. The Supreme Court cautioned courts not to consider the merits of a claim when ruling on motions to dismiss. *Id.* at 514. Meritless claims should be dealt with on summary judgment, not a motion to dismiss, because the "issue is not whether the [plaintiff] will ultimately prevail[,] but whether the [plaintiff] is entitled to offer evidence in support of the claim[.]" *Id.* at 511 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In this case, Kelso's Complaint makes a short and plain statement of his claims and gives Defendant fair notice of the claims and the grounds upon which they rest. *See* FED. R. CIV. P. 8(a)(2); *Swierkiewicz*, 534 U.S. at 512. Kelso is not required to plead a prima facie case to avoid dismissal under 12(b)(6). *See Swierkiewicz*, 534 U.S. at 508. Therefore, Defendant cannot prevail on its Motion to Dismiss Kelso's disability discrimination and retaliation claims under Rule 12(b)(6).

### III.

### LEAVE TO AMEND

The Court has discretion to allow plaintiff leave to amend his Complaint and such leave should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2). Although leave to amend

- 11 -

is liberally allowed, such leave to amend is not automatic, but is within the sound discretion of the district court. *U.S. ex. rel Doe v. Dow Chemical Co.*, 343 F.3d 325, 329 (5th Cir. 2003). In this case, the Court determines that justice would be best served by allowing Kelso, a pro se plaintiff, an opportunity to amend his Complaint to the Court to cure the jurisdictional deficiencies on his racial discrimination claim, if he is able to do so.

## IV.

## CONCLUSION

The Court **DENIES** Defendant's Motion to Dismiss as to the disability discrimination and retaliation claims, but **GRANTS** Defendant's Motion to Dismiss as to the racial discrimination claim for lack of subject matter jurisdiction. However, the Court also **GRANTS** Kelso leave to file an amended complaint. The Court **DIRECTS** Kelso to file an Amended Complaint correcting the deficiencies discussed above **by April 23, 2009.** If no amended complaint is received by the deadline above, the Court will dismiss the racial discrimination claim without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

SIGNED April 9, 2009

                                                        JANE J. BOYLE
                                                        UNITED STATES DISTRICT JUDGE